IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAMIDELE MURAINA, | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-00092 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN R. THOMPSON, | : | |
|     Respondent | : | |

## MEMORANDUM

Pending before the Court is <u>pro se</u> Petitioner Bamidele Muraina ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

## I.   BACKGROUND

On January 17, 2023, while Petitioner was incarcerated at Low Security Correctional Institution Allenwood in White Deer, Pennsylvania, he commenced the above-captioned action by filing a Section 2241 petition (Doc. Nos. 1, 1-1) and by subsequently paying the requisite filing fee (Doc. No. 4). In his petition, he challenges the Federal Bureau of Prisons ("BOP")'s computation of his current federal sentence and contends that the BOP has not applied his First Step Act earned time credits to his sentence. (Doc. Nos. 1, 1-1.) As for relief, Petitioner requests

that the Court order the BOP to comply with the First Step Act and apply his earned time credits towards his sentence.  (Id.)

On March 21, 2023, the Court, inter alia, deemed the petition filed and directed service of the petition on Respondent.  (Doc. No. 5.)  On April 10, 2023, Respondent filed a response, arguing that the Court should dismiss the petition as moot because the BOP has since provided the relief that Petitioner seeks herein—i.e., application of his earned time credits under the First Step Act.  (Doc. No. 7 (explaining that the BOP applied one-hundred and twenty (120) days of earned time credit towards Petitioner's sentence on February 11, 2023).)  As reflected by the docket, Petitioner has not filed a reply to the Respondent's response, and the time period for doing so has passed.  Thus, the petition is ripe for resolution.

## II.   DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'"  Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)).  In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis

2

v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); United States v. Juv. Male, 564 U.S. 932, 936 (2011) (setting forth this same principle).

Here, Petitioner seeks an award of earned time credits under the First Step Act. (Doc. Nos. 1, 1-1.) Pursuant to that Act, earned time credits can be applied toward earlier placement in prerelease custody (such as residential reentry centers and home confinement) or toward a term of supervised release. See 18 U.S.C. § 3632(d)(4)(C) (stating that "[t]he Director of the [BOP] shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release"); see also 18 U.S.C. § 3624(g)(2) (pertaining to prerelease custody); 18 U.S.C. § 3624(g)(3) (pertaining to supervised release).

The record demonstrates that, on February 11, 2023—after the instant Section 2241 petition was filed—the BOP conducted a First Step Act Time Credit Assessment and credited Petitioner with one-hundred and twenty (120) days of earned time credits towards early release. (Doc. No. 7-1 at 3, ¶ 6; id. at 10-11.) As a result, Petitioner's anticipated release date was changed from September 23, 2025, to May 26, 2025. (Doc. No. 7-1 at 3, ¶ 6.) As reflected by the Court's docket, Petitioner has not filed a reply to Respondent's response or otherwise challenged the BOP's First Step Act Time Credit Assessment.

Thus, because Petitioner has now been credited with his earned time credits under the First Step Act, and because Petitioner has not raised any challenge to the

BOP's calculation of those credits, he no longer has a concrete, redressable injury, and this Court lacks an opportunity to provide him with any meaningful relief in this habeas action. As a result, his petition is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (stating that "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

### III.  CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot. An appropriate Order follows.

Dated: May 24, 2023

s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge